**David K. ROBERTS et al.,**
**Plaintiffs, Appellants,**

v.

**CITY OF WOONSOCKET et al.,**
**Defendants, Appellees.**

**No. 78–1017.**

United States Court of Appeals,
First Circuit.

Argued April 3, 1978.
Decided May 22, 1978.

George M. Prescott, Lincoln, R.I., with whom Oster, Fay, Groff & Prescott, Lincoln, R.I., was on brief, for plaintiffs, appellants.

Gerald M. Brenner, Asst. City Sol., Woonsocket, R.I., on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

This is a case which could claim the attention of the district court only because the pleadings, generously viewed, could be read as describing a federal cause of action under 28 U.S.C. § 1331, although not under § 1343(3). Having received full attention from the district court, including an opportunity to develop evidence at trial, plaintiffs have realized more than their full due from the federal system. We affirm.

Plaintiffs are owners of a plot of land in Woonsocket, Rhode Island, which they purchased for $13,500 in 1972. At that time the land was in a segment zoned for single family, duplex, or multi-family apartments. The master plan, adopted in 1969, in referring to this segment, declared the city's then objective—"Facilitate new medium density residential development in areas . . . 9A." By 1975 some 800 to 900 apartments (medium density) units had been constructed, 450 of them along the road where plaintiffs' property was located. Indeed, in the immediate vicinity there were several large (150 units) apartment complexes. In 1975 the city amended its zoning ordinance in a number of particulars; in pertinent part it restricted property in plaintiffs' segment to single family houses.

The complaint charges (1) that the city's action in 1975 was illegal in that the new zoning amendments did not follow the city's comprehensive plan, as required by R.I. Gen.Laws § 45–24–3 (1956); and (2) that the rezoning action bore no reasonable relation to the public health, safety, and welfare, was thus an unlawful exercise of the police power, and deprived plaintiffs of their property without due process of law.

As to the state issue, while we might suggest that, if at all a worthy one, the court might have abstained, we do not criticize the court for its decision under the existing circumstances. Even without guidance we might have thought that the city could reasonably have decided that the objective of "facilitating" medium density development in plaintiffs' neighborhood had been suitably achieved when, after six years, half of all such development had occurred there. But we do have guidance. The Supreme Court of Rhode Island has said that "§ 45–24–3 does not require that zoning ordinances conform with the master plan adopted by the planning board"; rather "the meaning of a comprehensive plan for purposes of § 45–24–3 is only that the ordinance bear a reasonable relationship to the public health, safety and welfare." *Sweetman v. Town of Cumberland,* R.I., 364

A.2d 1277, 1287 (1976). Since under Rhode Island law, the state issue is substantially the same as the federal issue, we shall turn to a discussion of the federal question.

■■■ There being no allegation or evidence of any purposeful discrimination, *see Harrison v. Brooks,* 446 F.2d 404, 407 (1st Cir. 1971), or procedural defect, *see Shellburne, Inc. v. New Castle County,* 293 F.Supp. 237 (D.Del.1968), the only federal issue is whether the 1975 zoning amendments "are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Euclid v. Ambler Co.,* 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926). *Cf. Belle Terre v. Boraas,* 416 U.S. 1, 8, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974). The critical testimony was that of the city planner, who said that while plaintiffs' property "would not be ideal . . . for single family homes . . . it does not rule out the use of that land as single family homes." ·Plaintiffs' witness testified that two of the three lots on plaintiffs' property proposed for single family homes had "little or no value". This was the first such appraisal ever made by the witness and was not supported by data of sales of any comparable property. Plaintiffs disavow the theory that a property owner is entitled to devote his land to the most profitable use; such a premise, of course, is utterly inconsistent with the whole idea of zoning. Their approach is rather that urbanization had progressed to such an extent in their neighborhood that the city's action in trying to slow down or stop the process was irrational. The very considerable burden on plaintiffs to establish this proposition did not come close to being carried. For example, we could well envisage that the city could reasonably expect a slower increase in demand for municipal services from the limitation of plaintiffs' area to single family residences—an issue which apparently was considered by the city council. It suffices to say that on this record the court did not err in holding that the city council validly exercised its police powers.

*Affirmed.*